UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ASHLEY MARIE JENNINGS,

Plaintiff,

v. Case No: 6:17-cv-2023-Orl-37TBS

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Supplemental Security Income ("SSI") under the Act. Upon review, I respectfully recommend that the Commissioner's final decision be **AFFIRMED**.

### Background[1]

Plaintiff was born on January 1, 1996 (Tr. 57). On March 7, 2008, she was found to be disabled and entitled to SSI benefits as of October 26, 2007 (Tr. 57, 161-168). After Plaintiff turned eighteen years old, the Commissioner reconsidered Plaintiff's eligibility for benefits under the rules for determining disability in adults and determined that, as of March 24, 2015, she was no longer disabled (Tr. 59-65). This determination was upheld on reconsideration (Tr. 86-91) and Plaintiff requested and received a hearing before an administrative law judge (the "ALJ") (Tr. 31-56, 106-110). On March 8, 2017, the ALJ

[1] The information in this section comes from the parties' joint memorandum (Doc. 14).

found Plaintiff was not disabled and issued his unfavorable decision (Tr. 12-30). Plaintiff requested Appeals Council review of the hearing decision (Tr. 160) and on October 18, 2017, the Appeals Council denied the request (Tr. 1-6), making the ALJ's March 8, 2017 decision the final decision of the Commissioner. Plaintiff brings this action after exhausting her available administrative remedies (Doc. 1). This dispute has been fully briefed, and was referred to me for a report and recommendation.

**The ALJ's Decision**

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process published in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner to prove that other jobs exist in the national economy that the claimant can perform. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

In this case the ALJ performed the required sequential analysis. Usually, the first step is to apply the rule used for individuals who are engaging in substantial gainful activity (20 CFR 416.920(b)), but this step is not used for redetermining disability at age eighteen (20 CFR 416.987(b)) (Tr. 16). The ALJ recognized that Plaintiff attained age eighteen on December 31, 2013, and was eligible for SSI benefits as a child for the month preceding the month in which she turned eighteen. Plaintiff was notified that she was

found no longer disabled as of March 24, 2015, based on a redetermination of disability under the rules for adults who file new applications (Id.).

At step two, the ALJ determined that since March 24, 2015, Plaintiff has had the following severe impairments: hearing loss, attention deficient hyperactivity disorder, borderline intellectual functioning, and a learning disorder (Tr. 17). At step three, the ALJ found that since that date, Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 18-20). Next, the ALJ decided that, since March 24, 2015, Plaintiff has had the residual functional capacity to perform

> a full range of work at all exertional levels. The claimant is limited to work environments that have no more than moderate noise level. Mentally, she is limited to perform simple, routine, and repetitive tasks but not at a production rate pace (e.g. assembly line work). She is limited to simple work related decisions.

(Tr. 20).

At step four, the ALJ determined that Plaintiff had no past relevant work (Tr. 24).[2] Based on the testimony of a vocational expert, the ALJ concluded at step five that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform (Tr. 24-25). As a result, the ALJ found that Plaintiff's disability ended on March 24, 2015, and she has not become disabled again since that date (Tr. 25).

[2] On the date of the ALJ's decision Plaintiff was twenty-one years old, with a certificate of school completion, not a diploma, where she attended special education classes (Tr. 161, 39, 231). At the January 2017 administrative hearing, Plaintiff testified that since July 2016 she had been working 30 hours per week at Pollo Tropical Restaurant, making $8.75 an hour (Tr. 37-38). The ALJ noted that this work "is close to but not quite at substantial gainful activity level." (Tr. 21 - emphasis original).

**Standard of Review**

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id., quoting Bloodsworth v. Heckler, 703 F. 2d 1233, 1239 (11th Cir. 1983). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

**Discussion**

The sole issue presented for review is whether the ALJ applied the correct legal standards to a Comprehensive Vocational Evaluation conducted by Rosa H. Perez, a vocational specialist, and Dr. Anita B. Rothard (Tr. 420-435).

On June 10, 2016, Plaintiff presented for vocational testing and evaluation. It was observed that she was disheveled and lacked in oral and personal hygiene (Tr. 423). She was alert, cooperative and amiable; her mood was apathetic and euthymic; and her affect was blunted at times (Id.). Plaintiff's answers during the evaluation were inconsistent and her stories seemed to constantly change (Tr. 424). Plaintiff reported that "her baby's grandparent [sic] are essentially holding her back from getting a job as they believe if she gets employed she will not get her social security benefits back, 'they keep telling me to wait'" (Tr. 424).

Plaintiff was administered the Wide Range Achievement Test 3 ("WRAT 3") which revealed an IQ of 63 (Tr. 426). Testing showed Plaintiff was reading at the second to third grade level (Tr. 427). According to the report, Plaintiff lacked self-determination, self-advocacy, and was limited in learning complex tasks (Tr. 431). She had difficulty with expressive communication and might respond inappropriately to situations (Id.). Her academic deficits placed her in a second to third grade education and she required extra time when completing tasks (Id.). It was felt that Plaintiff was able to perform simple, repetitive tasks with possible increasing responsibilities over time and she would need supervision when presented with a new task (Tr. 420).

The report notes Plaintiff would be feasible for supportive employment once she obtained reliable childcare and transportation (Tr. 421). The report includes the following:

> Can this individual return to work at previous occupation?
>
> Yes, however may need a certification;
>
> Is this individual ready for direct job placement?
>
> Yes, with on the job training and may benefit from working with a job coach; and
>
> Can this individual endure/tolerate a full day of work?

> Yes.

(Tr. 422). Plaintiff was deemed "**able to do**: Unskilled and Repetitive tasks" (Tr. 433) (emphasis in original). Under the heading "work feasibility," the report states:

> [Plaintiff] would be feasible for supportive employment at the time she has obtained reliable childcare and has reliable transportation. At that time she would be feasible for positions such as; Lobby attendant and Janitorial Services. She may also be feasible for positions such as; Cafeteria Worker, Prep-Chef and Busser/Dishwasher. She would do well in positions such as; Laundry Room Attendant, Backroom Store or Dining Room Attendant. She will benefit from working with a coach.

(Tr. 433). Under the heading: "Jobs that the Consumer can do with current skills," the report lists laundry room attendant, lobby attendant, prep-chef, and small parts assembly (Tr. 433). With training, there were 15 other positions that Plaintiff could perform (Tr. 434).

The ALJ addressed this report, noting:

> Ms. Rosa Perez, a vocational specialist of Diversified Rehabilitation, indicated that the claimant would be able to do simple, repetitive work (Ex. 16F) and that finding is consistent with the testing at the evaluation. I assign Ms. Perez' opinion great weight and cite to the claimant's current work near substantial gainful activity levels at Pollo Tropical.

(Tr. 21).

Under Social Security Ruling ("SSR") 06-03p,[3] a rehabilitation counselor is an "other source" whose evidence may be used to show the severity of the claimant's impairment and how it affects the claimant's ability to function. Plaintiff contends that the ALJ "overlooked" significant portions of the report that, as argued by her attorney at the administrative hearing, supports a finding of disability. Specifically, Plaintiff references the portions of the report that recommended a supportive environment, job coach, extra time,

---

[3] As noted by the Commissioner, this Ruling has since been rescinded, but applies here because the rescission did not become effective until after the issuance of the ALJ's decision. See 82 Fed. Reg. 15,263 (Mar. 27, 2017); 82 Fed. Reg. at 5845.

instruction in employment skills, and hands-on training. After due consideration, I see no error.

The ALJ noted the "testing at the evaluation" and credited the opinion of Ms. Perez that Plaintiff "would be able to do simple, repetitive work" (Tr. 21). The ALJ also explicitly discussed the results of the IQ testing (referencing the exact page number in the report), and how those results are not consistent with other IQ testing of Plaintiff (Tr. 20). The ALJ observed:

> **Based upon her performance at the vocational rehabilitation evaluation (Ex. 16F)**, her current work activity, which is almost at the substantial gainful activity level, and the consultative examination at Exhibit 11F, I find that a diagnosis of borderline intellectual functioning is more consistent with the evidence as a whole. **The vocational rehabilitation evaluation at Exhibit 16F indicates she would be capable of simple, repetitive work tasks and gives multiple jobs for which she would be a feasible candidate.**

(Tr. 20 -emphasis added). Thus, the record does not support Plaintiff's contention that the report was overlooked.

To the extent Plaintiff argues that the ALJ is obligated to discuss each and every portion of the report, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision" provided the ALJ's decision is sufficient to enable the Court to conclude that the ALJ properly considered the claimant's condition as a whole. Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal quotation omitted). I find that to be the case here. In addition to the cited opinions of Ms. Perez, the ALJ referenced and relied on the findings of a physical consultative examination, a consultative mental status examination with learning disability testing, the opinion of a non-examining psychologist, Plaintiff's work activity, and Plaintiff's daily activities (Tr. 20-24, 37-38, 260-67, 358-65, 367-72, 403). This evidence provides ample support for the ALJ's conclusion.

At best, Plaintiff contends that the report includes some findings which, if credited, support her claim of disability. But, this is of no moment. The issue is not whether some of the evidence could support a different finding (it could); the issue is whether substantial evidence supports the ALJ's finding. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004); Miles, supra. "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. (internal quotation and citations omitted). As the Commissioner's decision was made in accordance with proper legal standards and is supported by substantial evidence, it is due to be affirmed.

**Recommendation**

Upon consideration of the foregoing, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED** and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 23, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record